IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John Rutherford,<br><br>                    Plaintiff,<br><br>v.<br><br>Robert Hines, *Administrator*; D. Haney, *Ass. Administrator*; Corporal Dale Anders; Sergeant Melinda Haney, *f/k/a Sgt Belinda*; and PFC David Eves,<br><br>                    Defendants. | Civil Action No.2:11-cv-3139-DCN-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

      The Plaintiff, a state prisoner proceeding *pro se*, brought this action pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon Plaintiff's Motion for Summary Judgment (Dkt. No. 53) and Defendants' Motion for Summary Judgment (Dkt. No. 75).

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

      The Plaintiff brought this action on or about November 14, 2011. (Dkt. No. 1.) Plaintiff listed the following Defendants in his original complaint: Union County Jail; Administrator Robert Hines; Ass. Administrator D. Haney; Sergeant Belinda; Officer Dell; and Officer Eves. (See Dkt. No. 1 at 1 of 13.) Defendant Union County Jail was dismissed on December 12, 2011. (Dkt. No. 16.) On or about May 4, 2012, Plaintiff filed a Motion to Amend his Complaint and a Motion to Dismiss Defendant Christopher Dell Mitchell. (See Dkt. No. 51; Dkt. No. 52.) Plaintiff indicated in those two motions that he intended to name Sergeant Melinda Haney and Corporal Dale Anders as defendants, and that Officer Dell

Mitchell and Sergeant Belinda Gregory should not be named as defendants. (See Dkt. No. 51; Dkt. No. 52.) A few days later–before a ruling on the Motion to Amend and Motion to Dismiss Defendant Dell Mitchell–Plaintiff filed a Motion for Summary Judgment. (Dkt. No. 53.) Defendants oppose Plaintiff's Motion for Summary Judgment. (Dkt. No. 57; Dkt. No. 58.)

On June 13, 2012, Plaintiff was given leave to amend his complaint, and he filed an Amended Complaint on or about June 20, 2012. (Dkt. No.59; Dkt. No. 64.) In his Amended Complaint, Plaintiff lists the following defendants: Union County Jail; Administrator Robert Hines; Administrator Dee Haney; Sergeant Melinda Haney; Corporal Dale Anders; and Private First Class Eaves. (See Dkt. No. 64.)[1] On August 23, 2012, Defendants filed a Motion for Summary Judgment. (Dkt. No. 75.) By order filed August 24, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 76.) Plaintiff filed a Response in Opposition on or about September 19, 2012. (Dkt. No. 80.)

**PROCEDURAL FACTS**

Plaintiff, who is currently housed at Evans Correctional Institution, alleges claims pursuant to 42 U.S.C. § 1983 for events that allegedly occurred while Plaintiff was a pretrial detainee at the Union County Jail. Plaintiff alleges that on June 23, 2011, when he was booked at the Union County Jail, he "immediately made an inquiry" with the facility's nurse "about being able to receive non-pork meals" due to Plaintiff's Muslim religion. (Dkt. No. 64

---

[1] Union County Jail was dismissed without prejudice on December 12, 2011. (See Dkt. No. 16.) To the extent Union County Jail became a defendant again with the filing of Plaintiff's Amended Complaint (Dkt. No. 64), the undersigned recommends dismissal of this defendant for the reasons set forth in the Report and Recommendation dated November 22, 2011. (See Dkt. No. 9.)

2

at 3 of 7.) According to Plaintiff, this nurse told Plaintiff to take the matter up with the on duty officers or staff. (Id.) Plaintiff alleges that on June 23, 2011, when he explained his religion to Defendant Sergeant Melinda Haney and requested a non-pork meal, "she responded, saying, 'You have to eat around the pork.'" (Id.) Plaintiff states that he "requested to see the administrator" but that request, along with his request for a grievance form, was denied for the "next thirteen (13) days." (Id.) Plaintiff further states, "I kept complaining about being denied a non-port tray (meal) and was literally getting ill as I tried to eat around the pork contents on my trays." (Id.)

Plaintiff alleges that on July 6, 2011, he "began to inquire about the holy month of Ramadan," and Defendant Melinda Haney and Defendant Anders told Plaintiff that he would have to eat whatever was served. (Id.) Plaintiff alleges that he told Defendant Melinda Haney and Defendant Anders that he was "suffering from being served pork," getting physically ill and suffering emotional distress. (Id. at 4 of 7.) Plaintiff states (verbatim),

> Later that day (July 6, 2011) Corporal Dale Anders placed a tray on my serving flap that "contained a large amount of pork." I became stressed out because of this so I pushed the tray off the serving flap onto the floor. At that point Corporal Dale Anders along with staff started laughing in a taunting manner. Their laughing upsetted me even more. So I flooded my cell by placing a towel in the toilet (holding one end not to damage the toilet) and continued to flush. Corporal Dale Anders became infuriated, shouting, "You are going to be placed in the restraint chair for four (4 hours)."

(Id.) Plaintiff alleges that once Defendant Eaves finished strapping him into the restraint chair, Defendant Anders wrapped his fingers around Plaintiff's throat, "abruptly cut[ting] off [Plaintiff's] breathing." (Id.) Plaintiff states (verbatim),

> Corporal Dale Anders then covered my nose and mouth with gloved hands, and proceeded to suffocate me. PFC David Eaves with a frantic look on his face that said "thats enough!" I then passed out and was awakened by the stinging pain of being shocked by the tazer gun of Corporal Dale Anders as Sergeant Melinda Haney watched on. I screamed out for Corporal Dale Anders to "Stop this torture!" Corporal Dale Anders responded with racist overtones.

3

(Id. at 4-5 of 7.)

Plaintiff alleges that Defendant Anders "then began to push [Plaintiff] to an open cell," where Anders "slapped [Plaintiff] in the back of the head." (Id. at 5.) Plaintiff further alleges that Defendant Anders hit him "so hard in the face and head that [Plaintiff] can only remember waking up with dry blood in [his] nose and mucus in [his] mouth." (Id.) Plaintiff states that he "sat bound in pain" for the next four hours and noticed–by moving his tongue–that his front tooth was "broken and very loose." (Id.) Plaintiff alleges that Defendant Anders' "abuse continued for the next five (5) days." (Id.) According to Plaintiff, he was unable to eat because his throat was swollen. (Id.) Plaintiff also complains that he was denied a shower:

> My bowels were uncontrollable because of the emotional devastation that I had endured. Whereas I had messed on myself after ten (10) days of not being able to take a shower I was finally allowed a shower on July 17, 2011.

(Id.) Plaintiff seeks compensatory damages and injunctive relief. (See id. at 6 of 13.)

## APPLICABLE LAW

**Summary Judgment Motion Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id.

(quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

As noted above, both Plaintiff and Defendants seek summary judgment. (See Dkt. No. 53; Dkt. No. 75.) The undersigned will address the motions in turn.

**A. Plaintiff's Motion for Summary Judgment (Dkt. No. 53)**

Plaintiff's allegations in his Memorandum in Support of his Motion for Summary Judgment mirror the allegations of his Amended Complaint. Plaintiff further complains that due to the "physical mental emotional and verbal abuse" Plaintiff suffered at the Union County Jail, Plaintiff lost approximately ten pounds from the time of his booking on June 23, 2011, to July 8, 2011. (See Dkt. No. 53 at 5 of 8.) Plaintiff also states that "4 (four) tazer marks" were found on Plaintiff's abdomen on July 8, 2011. (Id.) Plaintiff states, "Plaintiff is experiencing complications with hernia repairs due to being restrained too tight over area where hernia surgery was do [sic] to Corporal Dale Anders choking Plaintiff while Plaintiff was strapped in chair lifting Plaintiff and chair while apply [sic] choke hold on Plaintiff." (Id.) In the "discussion" section of his memorandum, Plaintiff argues that his rights under the First, Fourteenth, and Eighth Amendments were violated. (Id. at 6 of 19.) Plaintiff states that the amendments to the Constitution "protect[ his] right to follow the practice of his religion, like eating specific foods, and praying at certain times." (Id.) Plaintiff contends that Defendant Anders used excessive force against him "especially since the Plaintiff was in a restraint chair." (Id.) Plaintiff filed his Affidavit, detailing his version of the events. (See Dkt. No. 53-1 at 1-3 of 7.)[2]

---

[2] Plaintiff also filed two affidavits of other individuals detained at Union County Jail. (See Dkt. No. 53-1 at 4-7 of 7.) These two affidavits relate to "Officer Dell," who has since been dismissed from the instant case. (See Dkt. No. 59.)

5

Defendants filed a Response in Opposition to Plaintiff's motion. (See Dkt. No. 57; Dkt. No. 58.) Defendants contend that Plaintiff is not entitled to summary judgment on his claim with respect to food service because despite Plaintiff's contention that he was served a large amount of pork on July 6, 2011, he was actually served beef ribs. Defendants also contend Plaintiff is not entitled to summary judgment on his claim of excessive force. Defendants assert the "use of force was only that which was reasonably necessary to maintain order, prevent the plaintiff from destroying property, and safely control the combative plaintiff." (Dkt. No. 57 at 5.)

Plaintiff's Motion for Summary Judgment should be denied. A prisoner maintains his federal constitutional right to freedom of religion, and prisoners must be afforded "reasonable" opportunity to practice their religion. Cruz v. Beto, 405 U.S. 319, 322 (1972). Although inmates may be entitled to a pork-free diet in conformance with religious beliefs, Ross v. Blackledge, 477 F.2d 616, 618-19 (4th Cir. 1973), the prison need not provide a special diet or a food substitute to the inmate if the inmate can still meet his religious constrictions simply by choosing not to eat items which do not conform to his religious beliefs and still maintain a nutritionally adequate diet, Abernathy v. Cunningham, 393 F.2d 775, 778 (4th Cir. 1968). In the instant case, there is evidence in the record that Plaintiff was served a non-pork tray on July 6, 2011. (See Haney Aff. ¶¶ 4-7.) Defendant Haney stated in her Affidavit that she "personally interacted with the plaintiff on July 6, 2011 regarding his claims that he was being denied a non-pork meal." (Id. ¶ 4.) Haney further stated that she "personally spoke with Officer Roy Bratkins at the chain gang regarding the ribs in question and Officer Bratkins confirmed that the ribs were beef, and not pork." (Id. ¶ 5.) Because there is evidence in the record that Defendants served Plaintiff non-pork trays in accordance with Plaintiff's religious beliefs, Plaintiff is not entitled to summary judgment on this claim. See Mays v. Springborn, 575 F.3d 643, 648 (7th Cir. 2009) (For a diet claim, prisoner must

show the defendant was deliberately indifferent to an objectively serious risk of harm and that the Defendants knew about it and could have prevented it but did not).

Nor is Plaintiff entitled to summary judgment on his excessive force claim. Excessive force claims of pretrial detainees are governed by the Due Process Clause of the Fourteenth Amendment. See City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 243-44 (1983); see also Young v. Prince George's County, Maryland, 355 F.3d 751, 758 (4th Cir. 2004). To succeed on an excessive force claim under the Due Process Clause of the Fourteenth Amendment, Plaintiff must show that Defendants "inflicted unnecessary and wanton pain and suffering." Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998) (citing Whitley v. Albers, 475 U.S. 312, 320 (1991)), abrogated on other grounds by Wilkins v. Gaddy, 559 U.S. 34 (2010); see also Orem v. Rephann, 523 F.3d 442, 446 (4th Cir. 2008). As the Fourth Circuit stated in Orem,

> "In determining whether [this] constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force used, the extent of the injury inflicted, and whether the force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm." Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973).

Orem, 523 F.3d at 446.

In the instant case, Plaintiff is not entitled to summary judgment on his claim for excessive force. Plaintiff admits that on July 6, 2011, he pushed his food tray off the serving flap onto the floor. (Dkt. No. 64 at 4 of 7.) Plaintiff also admits that he then placed a towel in the toilet in his cell and continued to flush, flooding the cell. (Id.) Furthermore, although Plaintiff disputes this evidence, Defendants presented evidence that after Plaintiff flooded his cell, Plaintiff was told that he would be placed in the restraint chair. (Dkt. No. 57-3 at 5 of 6.) Defendant Anders further described the events:

> Myself along with Pfc. David Eaves and Sgt. Melinda Haney started placing I/M Rutherford in the restraint chair. He started being very irate and started kicking, I used pressure points on the lower jaw to get him to comply. He kept kicking and almost kicked Pfc. Eaves in the face. At this time I informed I/M Rutherford that "I was going to tase him." I then tased him. He then complied with us, so we finished placing him in the restraint chair. At no time did I tell "him to squeal like a pig you porch monkey." Nor did I punch him in the face.

(Dkt. No. 57-3 at 5-6 of 6.) Defendant Eaves' description of the events is the same; according to Eaves, only after Plaintiff was tased were Defendants able to secure Plaintiff in the restraint chair. (Dkt. No. 57-4.)

Taking the facts in the light most favorable Defendants, the non-moving parties, Plaintiff is not entitled to summary judgment. The evidence presented by Defendants clearly shows a need for the application of force, as Plaintiff was totally non-compliant and in fact was flooding his cell. Furthermore, the evidence presented by Defendants shows that they used the smallest amount of force necessary to gain compliance: they were attempting to place him in the restraint chair because he was flooding his cell, and when he continued to resist, Defendants had to use a taser to subdue Plaintiff sufficiently so that they could secure him in the restraint chair. Defendants also present evidence that although Plaintiff contends his tooth was chipped in the altercation, Plaintiff's tooth was actually chipped on July 4, 2011, as a result of an altercation with another inmate. (See Dkt. No. 58-1 at 8 of 8.) Under Defendants' version of the facts, Defendants applied the force in a good faith effort to restore discipline. As such, Plaintiff is not entitled to summary judgment.

**B. Defendants' Motion for Summary Judgment (Dkt. No. 75)**

Defendants seek summary judgment on all of Plaintiff's claims. (Dkt. No. 75). The undersigned will address the free exercise claim first.

Plaintiff is no longer incarcerated at the Union County Detention Center; he is now incarcerated at Evans Correctional Institution. Accordingly, to the extent he is seeking

injunctive relief, his claims are now moot. Slade v. Hampton Roads Reg'l Jail, 407 F.3d 243, 248-49 (4th Cir. 2005).

With respect to Plaintiff's allegations about being served pork, Plaintiff has provided no evidence whatsoever to support the general and conclusory claim that the food service and/or the food he received violated his constitutional rights or resulted in any condition that would entitle him to monetary damages. See House v. New Castle Cnty., 824 F.Supp. 477, 485 (D. Del.1993) (holding that a plaintiff's conclusory allegations are insufficient to maintain a claim, especially when plaintiff fails to counter contradictory evidence in the record). Plaintiff complains that he was served pork ribs on July 6, 2011.[3] Of course, Defendants contend the ribs were beef ribs, not pork ribs, but even assuming Plaintiff's tray contained pork ribs that day, he is not entitled to monetary damages. "The Fourth Circuit has held that so long as a prisoner can obtain a nutritionally 'balanced ration . . . [a] prison [is] not required to provide a special diet' to prisoners whose religious beliefs would prevent them from eating certain foods." Sykes v. Williams, No. 0:10-cv-972-RMG, 2011 WL 3471410, at *4 (D.S.C. Aug. 8, 2011) (quoting Abernathy v. Cunningham, 393 F.2d 775, 778 (4th Cir. 1968)); see also Cross v. Va. Beach Corr. Center, 865 F.2d 1257 (4th Cir. 1989) (unpublished table decision) ("Prisons are not required to serve a special diet if inmates can voluntarily refrain and maintain an adequate diet. Cross does not state a constitutional claim for inadequate nutrition merely because there were occasional incidents of his being served food he considered inedible."); Richburg v. Williams, No. 8:10-cv-981-DCN-JDA, 2011 WL

---

[3]While Plaintiff generally alleges he was frequently served pork, as noted above, the crux of the Complaint is the specific allegation that he was served pork on July 6, 2011. Being served pork once does not rise to the level of a constitutional violation. See Perkins v. Danvers, 780 F.2d 1022 (6th Cir. 1985) (unpublished table decision) (The plaintiff's "suit alleging a single incident of a minor intrusion on his pork-free diet simply did not arise to a level of constitutional magnitude."). In his Response in Opposition to Defendants' Motion for Summary Judgment, Plaintiff complains that he was denied non-pork meals for nearly two weeks. (See Dkt. No. 80 at 10 of 22.) Such an allegation does not change the analysis set forth in the body of this Report and Recommendation.

9

1631007, at *5 (D.S.C. Mar. 31, 2011), adopted at 2011 WL 1638049 (D.S.C. Apr. 29, 2011); Abdul-Khabir v. Green, No. 2:02CV894, 2003 WL 24054700, at *4 (E.D. Va. Dec. 15, 2003) ("The court is also not convinced that this policy impinges on the plaintiff's exercise of his religion, as the plaintiff is free to not eat the pork on his tray, as his religion dictates.").

However, the undersigned recommends denying Defendants' motion with respect to the excessive force claim.[4] The undersigned detailed the evidence presented by Defendants above. Plaintiff's version of the events is materially different, and the undersigned therefore concludes that there is a genuine issue of material fact concerning whether Defendants Corporal Dale Anders, Sergeant Melinda Haney, and PFC David Eves used excessive force. Plaintiff alleges–in his Verified Amended Complaint–that once Defendant Eaves finished strapping Plaintiff into the restraint chair, Defendant Anders wrapped his fingers around Plaintiff's throat, rendering Plaintiff unable to breathe. (Dkt. No. 64 at 4 of 7.) Plaintiff also presents evidence that, while he was strapped into the restraint chair, Anders' further impeded Plaintiff's ability to breathe when Anders covered Plaintiff's nose and mouth with gloved hands. (Id. at 4-5.) Finally, Plaintiff presented evidence that–while Plaintiff was fully restrained in the chair as well as passed out–Anders tased Plaintiff four times while Defendants Anders and Haney looked on. (Id. at 4-5; see also Dkt. No. 79-2 at 6 of 7; Dkt. No. 80 at 5 of 22.) Plaintiff states that, contrary to Defendants' assertions, he complied with all instructions. (Dkt. No. 80 at 5 of 22.) According to Plaintiff, his tooth was broken in the attack, and he was unable to eat from July 6 to July 11. (Id. at 5-7 of 22.) On these facts–if believed–a jury could find in favor of the Plaintiff on his excessive force claim. See Campbell v. Smith, No. 0:08-3668-PMD, 2010 WL 1542644, at *6 (D.S.C. Apr. 19, 2010) ("Plaintiff

---

[4]Because there are no allegations that Defendants Robert Hines and D. Haney had any personal involvement in the incident giving rise to the claim for excessive force, the undersigned recommends that they be granted summary judgment on all of Plaintiff's claims, and that they be dismissed from the instant lawsuit. Vinnedge v. Gibbs, 550 F.2d 926, 927-29 (4th Cir. 1977); see also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

claims that after he was handcuffed and restrained, Smith hit him "real hard" in the face while McClinen restrained him. Accepting these facts as true, the Court finds that a reasonable jury could find that the guards applied the force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline."); see also Kelley v. Lasley, No. 3:10-1734-HMH-JRM, 2011 WL 2746220, at *3 (D.S.C. July 13, 2011). The undersigned therefore recommends denying Defendants' motion as to that claim.[5]

---

[5]Defendants also contend they are entitled to qualified immunity. The doctrine of qualified immunity protects governmental officials performing discretionary functions from liability for civil damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). When an official properly asserts the defense of qualified immunity, the official is entitled to summary judgment if either: (1) the facts, taken in the light most favorable to the plaintiff, do not present the elements necessary to state a violation of a constitutional right; or (2) the right was not clearly established, such that it would not have been clear to a reasonable officer that his conduct was unlawful in the situation he confronted. Pearson v. Callahan, 555 U.S. 223, 231-32 (2009).

Given the material disputed facts, the undersigned recommends concluding the Defendants are not entitled to summary judgment on this ground with respect to the excessive force claim. Taking the evidence in the light most favorable to the Plaintiff, Defendants used a substantial amount of force upon a completely restrained Plaintiff. The right to be free from excessive force in such a circumstance was clearly established, such that it would have been clear to a reasonable officer that using such force on a restrained inmate was unconstitutional.

Defendants also contend they are entitled to summary judgment "[t]o the extent the plaintiff attempts to allege a claim that might be based on state law" because, *inter alia*, pursuant to South Carolina Code § 15-78-70, "the individual defendants are not proper parties in an action where a claim is based on state law." (Dkt. No. 75-1 at 17-18 of 18.) The undersigned cannot recommend summary judgment on this basis. South Carolina Code Section 15-78-70(a) provides that "[a]n employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefor except as expressly provided for in subsection (b)." Subsection (b) states,

> Nothing in this chapter may be construed to give an employee of a governmental entity immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude.

S.C. CODE ANN. § 15-78-70(b). In light of the disputed facts as set forth above, a jury could conclude that Defendants Corporal Dale Anders, Sergeant Melinda Haney, and/or PFC David Eves acted with intent to harm. See Anthony v. Ward, 336 Fed. App'x 311, 316-17 (4th Cir. 2009); Smith v. Ozmint, 394 F. Supp. 2d 787, 792 (D.S.C. 2005) ("[A] state employee can, in these limited circumstances, be held personally liable by a federal court for some intentional torts committed within the scope of his employment.").

11

## **CONCLUSION**

Wherefore, it is RECOMMENDED that Plaintiff's Motion for Summary Judgment (Dkt. No. 53) be DENIED. It is further RECOMMENDED that Defendants' Motion for Summary Judgment (Dkt. No. 75) be GRANTED IN PART and DENIED IN PART. Specifically, the undersigned recommends granting summary judgment *in toto* to Defendants Robert Hines, *Administrator*, and Defendant D. Haney, *Ass. Administrator*. With respect to Defendants Corporal Dale Anders, Sergeant Melinda Haney, and PFC David Eves, the undersigned recommends granting their motion as to the free exercise claim, and denying their motion as to all other claims.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

January 31, 2013
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).